## No. 5395.

NEW ORLEANS SAVINGS INSTITUTION vs. P. W. LESLIE. ON RULE TO CANCEL AND ERASE MORTGAGES FOR TAXES OF CITY OF NEW ORLEANS AND STATE.

Registry is necessary to preserve the privilege of taxes. Subsequent registry can not fix an incumbrance which did not exist as to third persons when their rights were acquired. It is well settled that in this State registry is essential to give effect, as to third persons, to all mortgages and privileges.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *E. J. Ellis* and *Clarke, Bayne & Renshaw*, for plaintiffs in rule and appellants. *H. C. Dibble*, Assistant Attorney General, for the State, defendant and appellee. *Samuel P. Blanc*, Assistant City Attorney, for the city of New Orleans, defendant and appellee. *Hornor & Benedict*, for the recorder of mortgages, defendant and appellee, and for Civil Sheriff Harper, defendant and appellee.

WYLY, J. P. W. Leslie executed a special mortgage in favor of L. F. Généres, on certain property described in this case, to secure a note for three thousand dollars. This mortgage was recorded on the twenty-first of June, 1871.

Plaintiff acquired the note and caused the sale, by executory process, of the mortgaged property. Plaintiff then took this rule to cause subsequent mortgages and incumbrances to be erased, the proceeds of the sale being only sufficient to pay the amount of this mortgage.

In this court the question is, whether the city of New Orleans has a privilege superior to the mortgage in question for the taxes of 1868 and 1869, which were not recorded until 1873, two years after the mortgage in question was granted? The precise question was before this court in the case of John I. Adams & Co. vs. Samuel Wakefield, tax collector, 26 An. 592, and it was held that registry was necessary to preserve the privilege for taxes, and that subsequent registry could not fix an incumbrance which did not exist as to third persons when plaintiffs' rights were acquired. We adhere to the ruling. Constitution, article 123; act No. 42 of the acts of 1871, sections sixty-six and sixty-seven; act No. 95 of 1869; 22 An. 278; 23 An. 270, 694, 695; 24 An. 25; 25 An. 232; 26 An. 80, 350, 351. It is well settled that in this State registry is essential to give effect as to third persons to all mortgages and privileges.

It is therefore ordered that the judgment appealed from, discharging the rule, be annulled, and that the said rule be made absolute, requiring the recorder to erase the privilege of the city for taxes of 1868 and 1869 on the property in question, and that the city of New Orleans pay costs in both courts.

. Rehearing refused.